IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

JOSHUA SMILKO,

    Plaintiff,

v.

ACCELERATED RECEIVABLES,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, JOSHUA SMILKO ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Pinellas, and City of Dunedin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, ACCELERATED RECEIVABLES, ("Defendant") or ("AR") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

10. In connection with the collection of an alleged debt, Defendant communicated with Plaintiff at times which were known or should have known to be inconvenient for Plaintiff, including calling between the hours of 9:00 P.M. and 8:00 A.M. in the Plaintiff's time zone without the prior consent of Plaintiff. Such calls were placed on, but not limited to, the following dates and times: 6/12/2010 at 7:30 A.M, 6/21/2010 at 10:00 P.M., 7/3/2010 at 5:00 A.M., 7/9/2010 at 6:30 A.M. and 7:30 A.M., 8/21/2010 at 5:00 A.M., 9/23/2010 at 7:00 A.M.,

9/29/2010 at 7:30 A.M., 12/25/2010 at 3:30 A.M. and 5:33 A.M., 1/30/2011 at 6:00 A.M., and 1/31/2011 at 12:00 A.M., 2/20/2011 at 6:00 A.M.

11. In connection with the collection of an alleged debt, Plaintiff requested on writing on 9/21/2010 that Defendant cease and desist calling Plaintiff "at all times of the day." In addition to Plaintiff's cease and desist request, Plaintiff requested validation of the alleged debt. Notwithstanding Plaintiff's cease and desist and validation requests, Defendant continued to place telephone calls to Plaintiff on no fewer than twenty-seven (27) occasions. (See 9/21/2010 correspondence, attached hereto as Exhibit "A").

12. In connection with the collection of an alleged debt, Defendant directed profane and abusive language toward the Plaintiff, and threatened Plaintiff with litigation and incarceration if Plaintiff failed to pay the alleged debt, actions Defendant could not take, and did not intend to take.

13. In connection with the collection of an alleged debt, Defendant falsely represented and implied that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff, by claiming the failure to pay the alleged debt would result in a lawsuit and jail-time.

14. In connection with the collection of an alleged debt, Defendant attempted to debit $150.00 from Plaintiff's checking account, an amount that was neither expressly authorized by the agreement creating the debt nor permitted by law.

15. In connection with the collection of an alleged debt, Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

16. In connection with the collection of an alleged debt, Defendant initiated non-emergency calls to Plaintiff's residential telephone line utilizing an artificial or pre-recorded voice to deliver a message without the prior express consent of Plaintiff.

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

19. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times which were known or should have been known to be inconvenient to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

21. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after receiving a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

23. Defendant violated 15 U.S.C. § 1692d(2) by, in connection with the collection of a debt, using obscene or profane language directed at Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

25. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

27.     Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(7);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

28.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

29.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

31. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

33. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

35. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
### VIOLATIONS OF THE SECTION 559.72(8) OF THE FCCPA

36. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

37. Defendant violated §559.72(8) of the Florida Consumer Collection Practices Act by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor.

38. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOSHUA SMILKO, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT XI
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA

39. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

40. Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

41. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOSHUA SMILKO, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Emotional and/or mental anguish damages;

   c. Statutory damages of $1,000.00;

   d. Plaintiff's attorneys' fees and costs;

   e. Any other relief deemed appropriate by this Honorable Court.

## COUNT XII
## VIOLATIONS OF THE SECTION 559.72(17) OF THE FCCPA

42. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

43. Defendant violated §559.72(17) of the Florida Consumer Collection Practices Act by communicating with the debtor between the hours of 9:00 P.M. and 8:00 A.M. in the debtor's time zone without the prior express consent of the debtor.

44. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOSHUA SMILKO, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Emotional and/or mental anguish damages;

   c. Statutory damages of $1,000.00;

   d. Plaintiff's attorneys' fees and costs;

    e.       Any other relief deemed appropriate by this Honorable Court.

## COUNT XIII

46. Plaintiff repeats and re-alleges each and every allegation contained above.

46. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

    c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

    d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT XIV

47. Plaintiff repeats and re-alleges each and every allegation contained above.

48. Defendant violated 47 U.S.C. § 227(b)(1)(B) by initiating non-emergency calls to Plaintiff's residential telephone line utilizing an artificial or pre-recorded voice to deliver a message without the prior express consent of the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(B);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 11th day of June, 2011.

       Respectfully submitted,
       **JOSHUA SMILKO**

       By: s/ Alex D. Weisberg
       ALEX D. WEISBERG
       FBN: 0566551
       WEISBERG & MEYERS, LLC
       ATTORNEYS FOR PLAINTIFF
       5722 S. Flamingo Rd, Ste. 656
       Cooper City, FL 33330
       (954) 212-2184
       (866) 577-0963 fax
       aweisberg@attorneysforconsumers.com