```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

JOSHUA SMILKO,

                Plaintiff,
v.                                   Case No. 8:11-cv-1328-T-33TBM

ACCELERATED RECEIVABLES,

                Defendant.
_____/
```

### ORDER

This cause is before the Court pursuant to Plaintiff Joshua Smilko's Motion for Entry of Final Default Judgment Against Accelerated Receivables (Doc. # 18), which was filed on October 24, 2011. For the reasons that follow, the Court grants the Motion.

### I.   Default

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failing is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2);

1

DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

On June 15, 2011, Smilko filed suit against Accelerated Receivables for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act, Florida Statute § 559.72. (Doc. # 1). In the complaint, Smilko describes in great detail a number of harassing telephone calls placed in violation of the aforementioned statutes. For example, Smilko alleges that Accelerated Receivables placed calls to him on the following dates and times: "6/12/2010 at 7:30 A.M., 6/21/2010 at 10:00

2

P.M., 7/3/2010 at 5:00 A.M., 7/9/2010 at 6:30 A.M. and 7:30 A.M., 8/21/2010 at 5:00 A.M., 9/23/2010 at 7:00 A.M., 9/29/2010 at 7:30 A.M., 12/25/2010 at 3:30 A.M., and 5:33 A.M., 1/30/2011 at 6:00 A.M., and 1/31/2011 at 12:00 A.M., 2/20/2011 at 6:00 A.M." (Doc. # 1 at ¶ 10).

Smilko requested in writing that Accelerated Receivables cease and desist calling at inappropriate times. Id. at ¶ 11. Accelerated Receivables "continued to place telephone calls to Plaintiff on no fewer than twenty-seven (27) occasions." Id. In the above-referenced calls, Accelerated Receivables "directed profane and abusive language toward Plaintiff, and threatened Plaintiff with litigation and incarceration if Plaintiff failed to pay the alleged debt." Id. at ¶ 12. Accelerated Receivables debited $150.00 from Smilko's checking account without Smilko's permission. Id. at ¶ 14. In addition, Accelerated Receivables placed non-emergency calls to Smilko's cellular telephone without Smilko's permission. Id. at ¶ 15.

Smilko effected service of process on Accelerated Receivables on July 5, 2011. (Doc. # 3). Accelerated Receivables failed to file a responsive pleading. On September 7, 2011, Smilko filed a motion for Clerk's default. (Doc. # 14). The Clerk entered a default as to Accelerated

3

Receivables pursuant to Rule 55(a), Fed.R.Civ.P., on September 8, 2011. (Doc. # 15).

Based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the complaint, the Motion for Default Judgment and the attachments thereto, including affidavits, the Court determines that the Motion for Default Judgment is due to be granted and further determines that a hearing on this matter is not needed. Smilko is entitled to a judgment against Accelerated Receivables as follows: $42,500.00 for violation of the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and the Florida Consumer Collection Practices Act; $3,392.50 in attorneys' fees; and $425.00 in costs. Accordingly, the Court directs the Clerk to enter a final default judgment against Accelerated Receivables and in favor of Smilko in the amount of $46,317.50.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Joshua Smilko's Motion for Entry of Final Default Judgment Against Accelerated Receivables (Doc. # 18) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of Smilko and against Accelerated Receivables in the amount

4

of $46,317.50.

(3)  The Clerk shall thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of October, 2011.

<i>/s/ Virginia M. Hernandez Covington</i><br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record